# CIRCUIT COURT OF THE CITY OF WINCHESTER

Larrick

v.

Larrick

Case No. (Chancery) 82-CH-157

By JUDGE HENRY H. WHITING

May 19, 1983

The wife filed this divorce suit on September 9, 1982, seeking spousal support, a monetary award under the new Virginia equitable distribution statute, attorney's fees and Court costs.

The Court heard the matter *ore tenus* on November 23, 1982, and requested certain additional calculations and information on the monetary award from both parties. All that information has been furnished, and the matter is ripe for decision.

Both parties are high school graduates, the husband aged forty-five and the wife aged forty-four. They were married in 1967, had three children, all now over eighteen years of age, and separated on September 1, 1980. The wife was employed for short periods of time during the marriage and has been employed full time since 1980 when Mr. Larrick left. She has been able to earn sufficient Social Security credits to qualify her for almost the same projected retirement benefits of the husband of about $200.00 per month for retirement at age 62 and $250.00 per month at age 65. Although the wife was the principal homemaker, the husband did help with the housework from time to time and held down two jobs to generate extra income for the family. The wife has done clerical work off and on but has no special training for anything other than clerical and sales work. She is presently employed as a sales clerk earning $3.35 an hour for a thirty-six hour week, with a provision for some extra

sums on sales volume after she has been with her present employer for a sufficient length of time and makes those extra sales. The husband has been employed during most of the marriage at the post office and has accumulated retirement benefits, which will be dealt with later on.

Both parties are in good physical and mental condition. Each of them have contributed and are contributing fairly substantial sums to the support of the adult children, although not legally obligated to do so, those contributions creating cash-flow problems for each of the two parents. The husband was laid off his second job in 1982 and now his sole source of income is at the post office, which totaled $25,045.00 last year.

The parties acquired a residence about twenty-one years ago as tenants by the entireties, and upon entry of the decree of divorce they will become tenants in common. The wife continues to occupy the house with one or more of the children but plans to give the house up, apparently it will be sold and the proceeds divided between the two parties. Each of them should receive a substantial sum when the house is sold, the evidence indicating a principal balance owed on the deeds of trust of about $8,000.00 and the house estimated to be worth $45,000.00.

*Monetary Award Under Virginia Code Section 20-107.3*

To make this award the Court must: (1) determine which property is marital property; (2) value it; and (3) consider the eleven factors outlined in that Code section in determining whether to make such an award and, if so, in what amount.

The husband's schedule of his assets attached to his affidavit recognizes a joint interest with the wife in the furniture and appliances, the house, but listing a number of motor vehicles and small items of personal property, as well as his life insurance policies, without indicating their status. The Court recollects no specific evidence to indicate whether the property was separate or marital but under the provisions of § 20-107.3(A)(2) finds it all to be marital property since there was no "satisfactory evidence that it was separate property." The two cars which the husband has titled in his name, but which he said without contradiction belong to the two sons, are excluded. The wife has listed a number of assets in an attachment to her affidavit without any proof showing

it was separate property, and it will also be considered marital property. No evidence as to value of any of this property is recalled, and it is assumed that the parties will probably divide it by agreement. If they do not do so, the Court will require additional evidence in order to be able to make a monetary award. If the wife is to receive virtually all the furniture, perhaps she should pay the balance due on it, and if the husband receives those vehicles he has in his possession he should pay the balances due on them. It is noted that the husband did make the payments on the 1978 Fairmont primarily used by the wife, although still marital property.

The postal retirement benefits, accrued as of this date or to accrue in the future[1] upon the husband's retirement are found to be marital property, with the values as agreed by counsel. After a careful consideration of the eleven factors set forth in subsection (E) of Section 20-107.3, and considering the equities and the rights in interest of each party in that marital property, the Court does direct that the wife shall be paid 30% of the retirement and death benefits, plus accrued interest at 3% per year, which would have been received by Mr. Larrick based upon his contributions to that plan up to the date of the decree of divorce in this case.[2]

### Spousal Support

The Court believes that both of the parties have overstated a number of their expenses in significant amounts and a number of the expenditures they make for the children are not necessary and, given their restricted cash flow, inadvisable. However, based upon the evidence introduced and considering the nine factors outlined in Virginia Code § 20-107.1, it is the opinion of the Court that the husband should pay the sum of $425.00 per month to the wife as spousal support so long as she stays in the marital residence. During the period of her occupancy, she will be required to pay the monthly

[1] Computed only on the amounts contributed up to this date.

[2] The Court doubts its power to order some kind of an assignment or designation of a percentage to be paid directly to the wife. See Attorney General's Opinion dated February 25, 1983.

mortgage payments as well as the insurance on the house which the husband has formerly paid. At such time as the house is sold, the Court will hear further evidence as to what effect, if any, that will have upon spousal support. In making this award of spousal support, the Court has carefully considered the nine factors outlined in Virginia Code Section 20-107.1.

### Attorney's Fee

The Court awards the sum of $700.00 as attorney's fees in this case and directs that the defendant shall pay the Court costs in this suit.

### June 2, 1983

Supplementing and correcting my previous letter of May 19, 1983, in this matter, I believe I erroneously referred to the postal retirement benefits as "marital property." A more careful reading of the statute, suggested by a recent lecture I heard from Ingrid Hillinger at the State Judicial Conference last week, indicates that pension or retirement benefits are not marital property *per se* but the amount of such benefits are to be considered in making a monetary award of marital property.

The change in the letter does not affect my conclusion but is made only to be more discriminating in the description of those benefits as they affect these parties.